NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 16 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>MIKE GAMA,<br><br>    Defendant - Appellant. | No. 14-10042<br><br>D.C. No. 5:11-cr-00458-EJD-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted March 12, 2015[**]
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Mike Gama appeals his convictions for importing and possessing with the

intent to distribute heroin. At trial, Gama sought to invoke the exception to the

hearsay rule for statements against penal interest in order to introduce out-of-court

statements made by his brother. The district court concluded that the statements

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

were insufficiently corroborated and therefore inadmissible. Gama challenges this evidentiary ruling and also argues that exclusion of the statements deprived him of his constitutional right to present a defense. Because we agree with the district court that the out-of-court statements were insufficiently corroborated, we affirm.

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Gadson*, 763 F.3d 1189, 1199 (9th Cir. 2014). Federal Rule of Evidence 804(b)(3) provides that, in order to be admissible in a criminal case, an out-of-court statement against penal interest must be "supported by corroborating circumstances that clearly indicate its trustworthiness." Here, the district court's determination that there was insufficient corroboration of Gama's brother's out-of-court statements was not an abuse of discretion for least three reasons. First, "the exculpatory statements of family members 'are not considered to be highly reliable.'" *Id.* at 1200 (quoting *LaGrand v. Stewart*, 133 F.3d 1253, 1268 (9th Cir. 1998)). Second, the statements lacked spontaneity—they were made to Gama's defense investigator eighteen months after Gama's arrest. *See United States v. Ospina*, 739 F.2d 448, 452 (9th Cir. 1984). Third, there was a paucity of corroborating evidence. Aside from Gama's own trial testimony, the corroboration that Gama offered for his brother's hearsay statements largely consisted of other hearsay statements. In light of these considerations, the district court's decision to exclude the statements was not "'illogical, implausible, or without support in

inferences that may be drawn from the facts in the record.'" *Gadson*, 763 F.3d at 1199 (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

We consider de novo whether an evidentiary ruling unconstitutionally interfered with a criminal defendant's right to present a defense. *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). The exclusion of hearsay evidence can only violate a defendant's right to present a defense if the proposed evidence bears "persuasive assurances of trustworthiness." *United States v. Hayat*, 710 F.3d 875, 899 (9th Cir. 2013) (internal quotation marks omitted). For the same reasons that the trustworthiness of the brother's out-of-court statements was not clearly indicated for purposes of the statement-against-penal-interest exception, we conclude that the statements did not bear persuasive assurances of trustworthiness for purposes of Gama's constitutional claim.

**AFFIRMED.**